## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF ARKANSAS
## EASTERN DIVISION

**JUSTICE McCALLISTER**                                          **PETITIONER**


**VS.**                        **2:19-CV-00024-DPM-JTR**


**DEWAYNE HENDRIX,**
**Warden, FCI – Forrest City;**
**UNITED STATES BUREAU OF PRISONS**            **RESPONDENTS**


### RECOMMENDED DISPOSITION

The following Recommended Disposition ("Recommendation") has been sent to United States District D. P. Marshall, Jr.  Either party may file written objections to all or part of this Recommendation. If you do so, those objections must: (1) specifically explain the factual and/or legal basis for your objection; and (2) be received by the Clerk of this Court within fourteen (14) days of the entry of this Recommendation. The failure to timely file objections may result in waiver of the right to appeal questions of fact.

1

## I.  Introduction

Petitioner Justice McCallister ("McCallister") is incarcerated at the Federal Correctional Institution-Low in Forrest City, Arkansas, where he is serving a 108-month sentence for bank robbery and possessing a firearm during the crime.[1]

On February 25, 2019, McCallister filed a *pro se* Petition for Writ Habeas Corpus, with supporting brief, pursuant to 28 U.S.C. § 2241.  *Docs. 1-2.*  McCallister contends the Bureau of Prisons ("BOP") refuses to properly compute his release date as required by the recently enacted First Step Act of 2018.  According to McCallister, the BOP's computed release date of June 11, 2019[2]  denies him 63 days of earned good conduct credit and deprives him of an earlier release date of April 9, 2019.  *Doc. 2 at 3-4*;  *Doc. 8*.

In its Response, Warden Dewayne Hendrix  argues McCallister's Petition is premature and should be dismissed.  *Doc. 6*.  On April 9, 2019, McCallister filed a Motion to Rule in Default and Award Prison Credit Days.  *Doc. 8*.

For the reasons stated below, the Court recommends that McCallister's habeas Petition be dismissed, without prejudice.

---

[1] The sentence was imposed on March 19, 2012.  *United States v. McCallister*, No. 1:10-cr-00928-2 (N.D. Ill. March 19, 2012).

[2]  The Bureau of Prisons website confirms that McCallister's projected release date, is June 11, 2019.  *See https://www.bop.gov/inmateloc/* (accessed April 10, 2019).

## II.  Discussion

A federal prisoner may bring a habeas claim under § 2241 to challenge the execution of his sentence in the district where he is incarcerated.  *Metheny v. Morrison*, 307 F.3d 709 (8th Cir. 2002) (§ 2241 habeas petition is the proper vehicle for a prisoner's request for good time credits to reduce length of imprisonment and must be brought in the district of incarceration).  However, McCallister's claim is prematurely asserted because:  (1)  he relies on a new law that is not yet in effect; and (2)  he has not exhausted his administrative remedies, which he must do in order to allow the BOP an opportunity to adjust his sentence.

### A.    The First Step Act of 2018

McCallister relies entirely on the First Step Act of 2018, S. 756, 115th Cong. (2018) to justify the requested adjustment to his federal sentence.    Despite McCallister's assertion that the BOP has acted to delay implementing the new law, the relevant provisions of the new law, involving good conduct time, are not yet in effect.   As another district court recently explained:

> Petitioner is correct that Section 102(b)(1) of the First Step Act of 2018 amended 18 U.S.C. § 3624(b) to permit federal inmates to earn 54 days of good conduct time for each year of the sentence imposed.  However, this provision has not yet taken effect.
>
> In accordance with Section 102(b)(2) of the Act, the amendments made in this section only take effect when the Attorney General completes the "risk and needs assessment system" required by Section 101(a) of the Act.  Section 101(a) does not require completion of the system until 210 days after the Act's enactment. Thus, Section 102(b)(1) will not

3

take effect until approximately July 2019.  Consequently, Petitioner's claim that the BOP must immediately recalculate his sentence pursuant to the First Step Act lacks merit.

*Rizzolo v. Puentes*, No. 1:19-cv-00290-SKO (HC), 20019 WL 1229772 (E.D. Cal. March 15, 2019).

Thus, the Court concludes that McCallister's request for a reduced sentence, based on provisions of the First Step Act which are not yet in effect, is premature.

### B.    Exhaustion of Administrative Remedies[3]

Under the federal statute authorizing good time credit, 18 U.S.C. § 3624, the BOP, not the district court, determines whether a prisoner should receive good time credit.  *See Gonzalez v. United States*, 959 F.2d 211, 212 (11th Cir. 1992) ("Courts have original jurisdiction over imposition of a sentence. The Bureau of Prisons is, however, responsible for computing that sentence and applying appropriate good time credit.").  If a prisoner believes that the BOP erred in computing his sentence, his initial remedy is to pursue administrative review of the BOP's computation.  *See United States v. Wilson*, 503 U.S. 329, 331-35, 112 S.Ct. 1351, 117 L.Ed.2d 593

---

[3] While the BOP, in its Response, fails to raise the issue of exhaustion, the Court raises it *sua sponte*, to alert McCallister to the issue, in the event he seeks future habeas relief to adjust the BOP's computation of his sentence.  *See Wuertenberg v. Young*, No. 09-0824, 2009 WL 4227454, n.2 (W.D. La. Nov. 24, 2009) (because the Prison Litigation Reform Act's requirement that exhaustion of administrative remedies must be pleaded as an affirmative defense does not apply to federal habeas proceedings, nothing in *Jones v. Bock*, 549 U.S. 199, 216 (2007) prohibits the *sua sponte* dismissal of a § 2241 petition on exhaustion grounds).

(1992) (citing 28 C.F.R. §§ 542.19-542.16).  For that purpose, the BOP provides prisoners with access to an administrative review program.[4]

"A prisoner may bring a habeas action challenging the BOP's execution of his sentence only if he first presents his claim to the BOP."  *Mathena v. United States*, 577 F.3d 943 (8th Cir. 2009) (citing *United States v. Chappel*, 208 F.3d 1069, 1069 (8th Cir. 2000) (per curiam).  Administrative exhaustion "means using all steps that the agency holds out, and doing so properly (so that the agency addresses the issues on the merits)."[5]  *Woodford v. Ngo*, 548 U.S. 81, 90 (2006) (internal citations omitted).

Petitioners may be excused from exhausting their administrative remedies if it is futile to do so.  *See Lueth v. Beach*, 498 F.3d 795, 797 n. 3 (8th Cir. 2007), cert.

---

[4] This program allows a federal prisoner to seek "review of an issue relating to any aspect of his/her own confinement." 28 C.F.R. § 542.10(a).  Initially, he must try to resolve the issue informally with institutional staff. *Id*. § 542.13(a).  If no resolution is reached, he must submit a formal written administrative remedy request, to which the warden must respond within twenty calendar days. *Id*. §§ 542.14(a), 542.18.  If dissatisfied with the warden's response, he must appeal to the appropriate Regional Director, who is obligated to respond within thirty calendar days. *Id*. §§ 542.15, 542.18.  If dissatisfied with that response, he must take the final appeal to the National Inmate Appeals Administrator, Office of General Counsel, who is obligated to respond within forty calendar days. *Id*.  It is mandatory that a prisoner must exhaust all of these administrative steps before he seeks relief in federal court in a § 2241 action.

[5] Administrative exhaustion promotes four objectives:  "(1) the development of the necessary factual background upon which the claim is based;  (2) the exercise of the administrative expertise and discretionary authority often necessary for the resolution of the dispute;  (3)  the autonomy of the prison administration; and (4) judicial efficiency from the settlement of disputes at the prison level." *Mason v. Ciccone*, 531 F.2d 867, 870 (8th Cir. 1976).  "The benefits from prior administrative review are substantial" and "[t]he procedure must be given an opportunity to succeed." *Id*.

denied, 552 U.S. 1121, 128 S.Ct. 927, 169 L.Ed.2d 766 (2008) (addressing merits of federal prisoner's claims despite alleged failure to exhaust administrative remedies because the "exhaustion prerequisite for filing a 28 U.S.C. § 2241 petition is judicially created, not jurisdictional").

There is nothing in the record to indicate that, *before* filing his § 2241 habeas Petition, McCallister made *any* effort to resolve the current dispute with the BOP, either informally or formally.  In fact, McCallister's Petition states that it would cause him "undue delay" to attempt to exhaust his administrative remedies.  *Doc. 2 at 1.*

While McCallister's projected release date, currently less than two months away, may make it impractical or impossible for him to *complete* the BOP's entire administrative process before he is released, that does not justify him bypassing the administrative process altogether and filing a § 2241 Petition, without making any effort to exhaust his administrative remedies.

From both a policy and practical standpoint, it is critically important for habeas petitioners to provide the BOP with the first opportunity to address their sentencing issues, as Congress has specifically delegated to the BOP the responsibility to credit a prisoner's sentence for satisfactory behavior.  18 U.S.C. § 3624(b).  The BOP, not a habeas Court, is in the best position to determine whether a prisoner's release date should be adjusted for good conduct.

6

Thus, the Court also concludes that McCallister's request for a reduced sentence, without first presenting the issue to the BOP for resolution, is premature.

### III.    Conclusion

IT IS HEREBY RECOMMENDED THAT Petitioner Justice McCallister's Petition for Habeas Corpus, *Doc. No. 2*, be dismissed, without prejudice, and his Motion to Rule in Default, *Doc. 8*, be denied as moot.

DATED this 19th day of April, 2019.


_____
UNITED STATES MAGISTRATE JUDGE